UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

RICHARD EDWARD LETOURNEAU
and PHYLLIS E. LETOURNEAU,

           Debtors.

Case No. A11-00581-DMD
Chapter 11

**Filed On 3/22/12**

### MEMORANDUM ON USE OF ESTATE FUNDS

The debtors seek to use approximately $15,000.00 of estate funds to pay a number of post-petition creditors.[1] This case started out as a Chapter 13 case on July 28, 2011. It converted to Chapter 11 on December 8, 2011. Following conversion the Chapter 13 trustee turned over $25,279.71 to the debtors' attorney with the express understanding that no disbursements were to be made without a court order. The debtors have filed the current motion to comply with the Chapter 13 trustee's request.

A number of creditors, the U.S. Trustee and the debtors' prior Chapter 13 trustee oppose the motion. They contend that the U.S. Trustee's motion to convert, now set for hearing on April 3, 2012, will result in conversion of this case to Chapter 7. Merchant Advance Funding, LP, supports the debtors' motion. It contends that the debtors have the basis of a confirmable plan and that it is the sole holder of an interest in the debtors' cash collateral.

---

[1] The debtors' original motion sought use of $15,037.41. At the hearing the debtors sought use of an additional $3,265.00.

After considering the arguments of the parties, I conclude that the debtors' motion has some merit. Ordinarily, a Chapter 11 debtor has a right to use property of the estate in the ordinary course of business.[2] I think that it would be premature for the court to deny the debtors access to a portion of the funds prior to even viewing their proposed disclosure statement and plan. I will enter an order granting the debtors' motion in part.

DATED: March 22, 2012.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   D. Bundy, Esq.
C. Johansen, Esq.
F. Odsen, Esq.
M. Mills, Esq.
K. Hill, Esq.
U. S. Trustee
ECF Participants per NEF
B. Moore, Esq.

03/22/12

---

[2] 11 U.S.C. § 363(c)(1).

2